IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KAREN ELIZABETH ZUANICH, AUGUST A. ZUANICH, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CASE NO. 3:18-CV-159-WKW (WO) |
| HANKOOK TIRE AMERICA CORPORATION, HANKOOK TIRE CO., LTD., AND ENTERPRISE LEASING COMPANY-SOUTH CENTRAL, LLC, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

This is a products liability action arising under Alabama law. Plaintiff Karen Elizabeth Zuanich suffered injuries in a single-car accident when a tire blew on the leased vehicle she was driving. Zuanich and her husband, August A. Zuanich, brought claims of negligence, wantonness, Alabama Extended Manufacturer's Liability Doctrine (AEMLD), breach of express and implied warranty, fraud, loss of consortium, and others, against Hankook Tire America Corp., Hankook Tire Co. (collectively, "Hankook"),[1] and Enterprise Leasing Co. ("Enterprise"). The first amended complaint does not specifically allege which

---

[1] The record is unclear as to the relationship between these two entities.

defendant(s) played which role, merely stating that the tire "was manufactured and distributed by Hankook and/or Enterprise." (Doc. # 27, at 8.)

Hankook Tire America filed an answer to the original complaint, (Doc. # 12), and Enterprise filed a motion to dismiss, (Doc. # 13). Plaintiffs then filed a first amended complaint that dropped a nonexistent party from the case. (Doc. # 27.) The court accordingly denied Enterprise's first motion to dismiss as moot and ordered Enterprise to respond to the first amended complaint, (Doc. # 34.), which it did by filing the motion to dismiss currently under submission, (Doc. # 35). Hankook Tire Company, a Korean business, has not yet been served, (Doc. # 30.), and has thus not filed anything in the case. Hankook Tire America answered the original complaint but has not responded to the first amended complaint.

Before the court is Defendant Enterprise's motion to dismiss itself from Plaintiffs' first amended complaint. (Doc. # 35.) Enterprise seeks dismissal of the claims against it because, it argues, according to the "innocent seller" law, Enterprise was "merely a conduit" of the allegedly defective tire and thus "not subject to Alabama's products liability statute." Ala. Code § 6-5-521. Enterprise further appears to argue that, since "all [c]ounts asserted against Enterprise arise out of, and relate to, an alleged[ly] defective Hankook tire," all the claims against it fail as a matter of law because of its innocent-seller defense. (Doc. # 35, at 3.) Alternatively, Enterprise seeks a more definite statement under Rule 12(e) for "any

2

claims purportedly based upon some legal theory other than products liability." (Doc. # 35, at 5.) The court will save Enterprise's innocent-seller argument for another day, however, because the first amended complaint is due to be dismissed as noncompliant with the Federal Rules of Civil Procedure.

## I. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint against Federal Rule of Civil Procedure 8. Rule 8 provides that the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss under Rule 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). However, the court need not accept mere legal conclusions as true. *Id.* at 1325.

To survive a 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal under Rule

3

12(b)(6) is also permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993); *see also Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) (explaining that the rule allows a court "to dismiss a claim on the basis of a dispositive issue of law").

## II. DISCUSSION

### A. Plaintiffs' complaint, which contains elements of a shotgun pleading, must be repleaded.

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The complaint must also "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the

purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests" (cleaned up)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit. *Weiland*, 792 F.3d at 1320. There are four types of shotgun pleadings: (1) pleadings that "contain[ ] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief"; and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321.

Plaintiffs' first amended complaint contains elements of a type-one and a type-four shotgun complaint. The first amended complaint falls into the first category because each of the twenty counts adopts and re-alleges every preceding

5

allegation, filling each count with allegations that are not relevant to that particular count. This court has warned against such a practice:

> Rote and repeated incorporations by reference fill each count "with factual allegations that could not possibly be material to that specific count," flouting the Rule 10(b) requirement to plead separate claims in separate counts. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). It is not enough to "clearly incorporate[ ] all 'facts' ple[aded] in the amended complaint]" . . . as Plaintiff has done; rather the supporting facts must be pleaded in the count asserting the cause of action. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006).

*McCall v. Bank of Am., N.A.*, No. 2:16-CV-184-WKW, 2016 WL 5402748, at *2 (M.D. Ala. Sep. 26, 2016). Plaintiffs recite the elements of each claim only to re-allege those elements by reference in successive, unrelated counts. Some of the counts are brought against both Enterprise and Hankook, while others are brought against only Hankook; yet, the incorporation-by-reference paragraphs fill counts asserted against only one defendant with allegations relevant to counts against both defendants and vice-versa.[2]

To see why this is a problem, consider Counts III–IX — counts dealing directly with the defectiveness of the tire — which are asserted against only Hankook. Next, consider Counts XI–XIV and XVI–XX — a collection of claims

---

[2] To make matters worse, the first amended complaint goes back and forth between counts against both Hankook and Enterprise and counts against Hankook only. Counts I–II are against both; Counts III–X are against Hankook only; Counts XI–XIV are against both; Count XV is against Hankook only; and Counts XVI–XX are against both. Yet, each count incorporates by reference all previous counts, regardless of whether it was a count against both Hankook and Enterprise or Hankook only.

6

including fraud, breach of contract, and negligence — which are asserted against both Hankook and Enterprise. Enterprise suggests that it has an innocent-seller defense to those counts "relating to an alleged[ly] defective product." (Doc. # 35, at 4.) But there is no way of knowing which of the claims against Enterprise, if any, "relat[e] to an alleged defective product" and which claims, if any, are distinct. The incorporation-by-reference paragraphs ensure that all claims are blended together and their constituent ingredients inseparable. That recipe may work for a holiday pound cake, but is ill-suited for a judicial complaint. The court is unable to discern whether Plaintiffs have stated a claim against Enterprise under Alabama products liability law. Plaintiffs must therefore replead their complaint, clearly stating which allegations support which claims, rather than incorporating all previous factual material into each count.[3]

Plaintiffs' first amended complaint also falls into the fourth category of shotgun complaints because it fails to identify which acts were committed by which defendants — Hankook, Enterprise, or both. Instead, it relies largely on

---

[3] As a preliminary matter, Enterprise's apparent interpretation of Alabama's products liability statute is incorrect. Enterprise suggests that it must be an "original seller" of the allegedly defective product "to be legally liable under Alabama's products liability laws." (Doc. # 35, at 2.) Not so. The term "original seller" is defined in Alabama Code § 6-5-501(1) for the purpose of setting the limitations period for bringing an action against the original seller in Alabama Code § 6-5-502. The statute does not limit liability to those who are original sellers. In fact, it contemplates liability against "any distributor, wholesaler, dealer, retailer, or seller of a product" when that person or entity "is also the manufacturer or assembler of the final product," "exercised substantial control over the design, testing, manufacture, packaging, or labeling of the product," or "altered or modified the product." Ala. Code § 6-5-521.

cookie-cutter descriptions of legal elements to assert claims against both Defendants, using recurring "and/ors" to connect Defendants to the various allegations of wrongdoing.

A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The first amended complaint in this case does not give Defendants fair notice, because it does not say who did what and when. Below are two examples:

- Count I (negligence and wantonness) is asserted against both Hankook and Enterprise but does not specify which acts by which defendant(s) were negligent. Count I merely alleges that the vehicle was equipped with a Hankook tire that "was manufactured and distributed by Hankook and/or Enterprise," and as the "proximate consequence of the combining and concurring negligence or wantonness of Defendants Hankook and Enterprise," Plaintiffs were injured. (Doc. # 27, at 3.) But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. This count must be repleaded.

- Count II (negligence and wantonness per se) is not much better. It asserts that "Hankook and/or Enterprise were negligent, careless, reckless, grossly negligent and wanton, and breached its duties in the manufacture, distribution, sale, installation and maintenance of the Hankook tire" and lists a series of generic acts of wrongdoing (such as failing to properly inspect the tire, failing to employ corrective mechanisms, and failing to keep abreast of government and industry studies) — not specific to any defendant — purporting to establish how Defendants were negligent and wanton. Count II goes on to allege that "Hankook and/or Enterprise" violated Alabama Code § 7-2-315 — a statute dealing with implied warranties — but does not say which one(s) violated the statute, or how it/they violated the statute. Without enough factual allegations "to raise a right to relief above the speculative level," *see Twombly*, 550 U.S. at 555, Count II does not survive Rule 12(b)(6) scrutiny.

This is by no means an exhaustive list of the deficiencies in the first amended complaint. When Plaintiffs replead, they should take care to identify which specific acts by which specific actors give rise to which claims, excising threadbare legal conclusions.

"When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one

chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). "In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." *Id.* Therefore, the first amended complaint will be dismissed without prejudice to give Plaintiffs an opportunity to refile according to the Federal Rules of Civil Procedure and the instructions in this Order.

## B.  Count XI does not plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

The foregoing grounds alone warrant dismissal of the first amended complaint. But the court's review of the first amended complaint revealed another problem with Count XI: it does not plead fraud with the requisite specificity. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The plaintiff's complaint must allege the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 568 (11th Cir. 1994). More specifically, the complaint must set forth

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the

manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)). The district court may *sua sponte* raise this issue. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1071–72 (11th Cir. 2007) (affirming district court's *sua sponte* dismissal of fraud claims under Rule 9(b) because it granted leave to amend).

Count XI (fraudulent concealment against both defendants) falls short of the heightened standard for pleading fraud under Federal Rule of Procedure 9. Plaintiffs' first amended complaint does not: (1) name any persons responsible for making fraudulent omissions; (2) state in what context these misrepresentations occurred (*e.g.*, orally, in an advertisement, or in another document); or (3) identify any specific time and place where the omissions were made. The first amended complaint merely states that Hankook and Enterprise misrepresented the safety of the Hankook tire "at all times during the course of dealings" between the parties. (Doc. # 27, at 17.) Attempting to skate Rule 9(b) by simply alleging that the misrepresentations occurred at all relevant times does not give Defendants fair notice of the claim against them. *See Heller v. Carnival Corp.*, 191 F. Supp. 3d 1352, 1360 (S.D. Fla. 2016); *Great West Life Assurance Co. v. Levithan*, 834 F.

Supp. 858, 863 (E.D. Pa. 1993); *Halperin v. FDIC*, No. 5:13-CV-1042-RP, 2016 WL 5718021, at *5 (W.D. Tex. Sep. 30, 2016).

True enough, the previous count (Count X for fraudulent misrepresentation against Hankook), alleges a bit more (albeit generic) detail, stating that Hankook made misrepresentations regarding the tire's safety "through [its] literature, advertisements, promotions . . . and sales agents." (Doc. # 27, at 15.) Count X is incorporated by reference into Count XI. Without passing judgment on whether Count X complies with Rule 9(b) as is, the court notes that Count X's allegations only apply to Hankook, not to Enterprise.[4] Thus, adding in those allegations does not save Count XI. In their second amended complaint, Plaintiffs should take care to plead their fraud claims with the requisite particularity under Rule 9.

**C. Because Plaintiffs' first amended complaint is due to be dismissed as noncompliant with the Federal Rules of Civil Procedure, Enterprise's innocent-seller argument is moot at this time.**

The deficiencies explained above render any failure-to-state-a-claim analysis of the first amended complaint "a matter of guesswork rather than a reasoned decision." *McCall*, 2016 WL 5402748, at *2. The argument that Alabama's innocent seller law provides a defense to all claims is therefore mooted by this

---

[4] This is another demonstration of why rote and repeated incorporations by reference do nothing but add confusion to a complaint.

12

Order, but Enterprise is free to reassert, if necessary, this or any other argument relevant to the second amended complaint in a subsequent motion to dismiss.[5]

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' first amended complaint is dismissed. Plaintiffs must replead their claims in compliance with the Federal Rules of Civil Procedure and the requirements of this Order. Enterprise has leave to reassert, if necessary, any arguments that may be relevant to the second amended complaint.

Finally, the court notes that Hankook Tire America Corp. has not answered since the complaint was amended and finds it appropriate for it to do so in the next round of pleadings. *See* Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service

---

[5] Caution is warranted before the court considers another motion to dismiss on this ground. Enterprise argues that "the only connection between Enterprise and the subject tire is the fact it is a component on a vehicle owned by Enterprise" and leased by Zuanich. (Doc. # 35, at 4.) But this is a Rule 12(b)(6) motion to dismiss, and Enterprise presents what appears to be a factual issue. Should Plaintiffs' second amended complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), the court may not dismiss simply because the claims are improbable, *see id.* Enterprise is free, of course, to test the truth of the facts at the summary-judgment stage. *See, e.g.*, *McCustian v. LG Elecs. U.S.A., Inc.*, No. 1:15-CV-279-JA-GMB, 2016 WL 8729835, at *3 (M.D. Ala. Dec. 2, 2016) (granting summary judgment because record did not provide sufficient evidence that one of the statutory exceptions for holding a distributor liable in a products liability action applied); *Gardner v. Aloha Ins. Servs.*, No. 2:11-CV-3450-RDP, 2013 WL 839884, at *8 (N.D. Ala. Mar. 4, 2013) (same). Plaintiffs, in their response to Enterprise's motion to dismiss, interpret the motion as one asserting that the claims against Enterprise are subsumed into the AEMLD claim. That argument has not been fully briefed and thus will not be decided at this time. However, an argument that certain claims fail as a matter of law because they are merged into another claim would be an appropriate subject for a motion to dismiss.

of the amended pleading, whichever is later."). Two other considerations support this finding. First, for the sake of maintaining a clean record, Hankook America should file an answer directed to what will be Plaintiffs' operative pleading in the case (*i.e.*, the second amended complaint) rather than relying on its previously filed answer — an answer that will be two rounds of complaints stale by the time the second amended complaint is filed. Second, the fact that the other Hankook defendant — Hankook Tire Co., Ltd. — has not been served does not alter the obligation of Hankook America — who has been served — to file an answer to the second amended complaint. Hankook America must therefore file an answer no later than 14 days following the filing of the second amended complaint.

Accordingly, it is ORDERED:

1. Plaintiffs' first amended complaint (Doc. # 27) is DISMISSED without prejudice.

2. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs are given leave to file a second amended complaint **on or before January 14, 2019**, that complies with the Federal Rules of Civil Procedure and the following requirements of this Order:

    a. Plaintiffs may not simply incorporate all factual allegations by reference into every count; rather, Plaintiffs must indicate with clarity which specific factual allegations are material to each specific count, and which

actors are responsible for each specific act that is material to Plaintiffs' claims.

      b.     With respect to each count, the second amended complaint must clearly and specifically identify each relevant Defendant's alleged acts or omissions in a manner sufficient for each Defendant to know how it is alleged to be directly involved with the claim and the factual and legal grounds upon which it is alleged to be liable to Plaintiffs.

      b.     Plaintiffs must plead any fraud claims with the requisite specificity, including: (1) precisely what statements were made in what context or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; and (3) the content of such statements and the manner in which they misled Plaintiffs, and (4) what Defendants obtained as a consequence of the fraud.

Plaintiffs are ADVISED that claims and demands for relief that fail to comply with the Federal Rules of Civil Procedure and the requirements of this Order may be subject to dismissal without further opportunities for amendment.

      3.     Defendant Enterprise Leasing Co.'s motion to dismiss Plaintiffs' first amended complaint (Doc. # 35) is GRANTED to the extent that Plaintiffs must replead their claims and DENIED as moot as to the remainder of the arguments

therein with leave to reassert, if necessary, those or any other arguments relevant to the second amended complaint.

4. Defendant Enterprise Leasing Co.'s motion for more definite statement is GRANTED to the extent that Plaintiffs must replead their claims in compliance with the Federal Rules of Civil Procedure and the requirements of this Order.

5. Defendant Hankook Tire America Corp. is ORDERED to answer the second amended complaint **no later than 14 days** after it is filed.

6. Defendant Enterprise Leasing Co. is ORDERED to respond to the second amended complaint **no later than 14 days** after it is filed.

7. Plaintiffs are ORDERED to provide a status report regarding service on Hankook Tire Co., Ltd. **on or before January 14, 2019**, and once every 60 days thereafter.

DONE this 20th day of December, 2018.

                                      /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE